IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGG A. STANFORD,

    Plaintiff,

vs.                                              CIV-S-10-1763-JAM GGH

OCWEN FEDERAL BANK, FSB, et al.,

    Defendants.                   ORDER

_____/

        On January 5, 2012, the parties, by and through their counsel, were heard in connection with a motion to compel discovery filed by defendants' Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank, FSB, and Bank of America, National Association as Successor by merger to LaSalle National Bank Association, as Trustee for the Certificateholders of the Mortgage Pass-Through Certificates 1997-R2 (erroneously sued as "Lasalle National Bank").  William Dunbar represented plaintiff.  Chris Chapman appeared on behalf of all defendants.  After reviewing the joint statement and hearing oral argument, the court issues the following order.

BACKGROUND

        This action was originally filed in state court and removed to this court on July 8, 2010.  After various motions, the case is proceeding on the second amended complaint, but only on the breach of contract claim.  Plaintiff alleges that defendants did not reduce the principal

1

balance on his home loan as agreed to in the contract for loan modification.  Defendants point out that plaintiff has not made a payment on his loan since December, 2006, and for this reason it is apparent that plaintiff is in no hurry to prosecute this case.

DISCUSSION

        Defendants contend that they have twice noticed plaintiff's deposition, on October 13 and December 6, 2011,[1] only to receive a phone call from plaintiff's counsel the day before the scheduled depositions, telling them that plaintiff had disappeared and could not be located. Defendants state that plaintiff's counsel has been cooperative; however, plaintiff himself has not been responsive to his own counsel.  Defendants seek an order setting plaintiff's deposition for a date certain within the next thirty days, and for him to produce documents requested in the deposition notice.  Defendants also seek sanctions in the amount of $1,927.90 in fees and expenses for having to bring this motion.

        Plaintiff's counsel does not dispute defendants' contentions or statements, but responds only that he has now been able to contact plaintiff who is available for his deposition on Jan. 4, 6, 11 through 13, 18 through 20, 26 and 27.  At hearing, the date of January 26, 2012 was selected for the deposition.

        In regard to sanctions, the undersigned finds that plaintiff's counsel's actions are beyond reproach.  There is no evidence to suggest that counsel is acting in other than good faith in this litigation, and counsel for defendant states nothing to the contrary.  However, the actions of plaintiff himself are another matter.  Plaintiff's actions in failing to appear at his deposition on two occasions were not substantially justified.  See Fed. R. Civ. P. 37(a)(5)(A).  He becomes unable to be contacted by his counsel for periods of time.  When he is in contact with counsel, he promises to appear for his deposition, and then, without legitimate explanation does not appear. The facts before the undersigned suggest that plaintiff is purposefully stalling his own

---

[1] Plaintiff had advised defendants that he was available for this date.

2

prosecution of this action for reasons of remaining in his house – payment free.

Therefore, defendants will be awarded the full fees for preparation of the motion, but only half of the requested costs and fees associated with travel time to and from the hearing as a telephone appearance was possible. Therefore, $1,357.70 in sanctions will be imposed against *plaintiff personally*. This amount includes $450 in fees for preparation of the joint statement, $675 in fees for preparation time and appearance at the hearing, $192.70 in airfare, and $40 for taxi fare. Plaintiff is advised that failure to pay the sanctions within twenty-eight days of the filed date of this order may result in further sanctions, including contempt of court sanctions.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendants' motion to compel, filed December 8, 2011, (dkt. no. 41), is granted.

2. Plaintiff's deposition is scheduled for January 26, 2012, at 9:00 a.m. in accordance with the deposition notice previously issued. Plaintiff is warned that failure to appear at this deposition, and failure to produce requested documents, will result in further sanctions, including the dismissal of his case and the possibility of contempt charges.

3. Sanctions are imposed against plaintiff personally in the amount of $1,357.70, which plaintiff shall pay directly to defendants' counsel within twenty-eight days of this order.

DATED: January 6, 2012

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/076
Stanford1763.dep.wpd