1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9    GREGG A. STANFORD,

10              Plaintiff,

11        vs.                                CIV-S-10-1763-JAM GGH

12
     OCWEN FEDERAL BANK, FSB, et al.,        ORDER and
13
                Defendants.                  FINDINGS & RECOMMENDATIONS
14   _____/

15              Previously pending on this court's law and motion calendar for February 9, 2012,

16   was defendants' motion for monetary and terminating sanctions, filed January 26, 2012.  Plaintiff

17   filed an opposition on February 2, 2012.  Chris Chapman appeared telephonically for defendants.

18   Plaintiff made no appearance.[1]  Having reviewed the papers in support of and in opposition to the

19   motion and heard oral argument, the court now issues the following order.

20   BACKGROUND

21              Moving defendants are Ocwen Loan Servicing, LLC, successor in interest to

22   Ocwen Federal Bank, FSB, and Bank of America, National Association as Successor by merger

23   to LaSalle National Bank Association, as Trustee for the Certificateholders of the Mortgage Pass-

24   Through Certificates 1997-R2 (erroneously sued as "Lasalle National Bank").

25   _____

26        [1]  Plaintiff's counsel arrived in the courtroom after the matter had been called and
     completed.

                                            1

1    This action was originally filed in state court and removed to this court on July 8,

2  2010.  After various motions, the case is proceeding on the second amended complaint, but only

3  on the breach of contract claim.  Plaintiff alleges that defendants did not reduce the principal

4  balance on his home loan as agreed to in the contract for loan modification.  Defendants point out

5  that plaintiff has not made a payment on his loan since December, 2006, and for this reason it is

6  apparent that plaintiff is in no hurry to prosecute this case.

7    Defendants previously brought a motion to compel plaintiff's attendance at

8  deposition, in which they represented that they had twice noticed plaintiff's deposition, on

9  October 13 and December 6, 2011,[2] only to receive a phone call from plaintiff's counsel the day

10  before the scheduled depositions, telling them that plaintiff had disappeared and could not be

11  located.   Defendants sought and received an order setting plaintiff's deposition for January 26,

12  2012.[3]  The order noted that plaintiff's counsel's actions were beyond reproach; however,

13  plaintiff's own actions were not substantially justified.  The order stated that "facts before the

14  undersigned suggest that plaintiff is purposefully stalling his own prosecution of this action for

15  reasons of remaining in his house – payment free."  (Order, filed January 6, 2012.)

16    The instant motion indicates that plaintiff did not appear at the re-scheduled

17  deposition on January 26, 2012, but called his attorney on that date to prepare for his deposition

18  which he claims he thought was on January 27th.  Plaintiff contends that he made a mistake in

19  scheduling his deposition.  Plaintiff has now failed to appear at three scheduled depositions, and

20  finally paid the monetary sanctions imposed in the previous order, but not within the time

21  required by the order.  The court finds plaintiff's most recent excuse not to be credible.

22  \\\\\

23  \\\\\

24

> [2]  Plaintiff had advised defendants that he was available for this date.

25
26
> [3]  The order also imposed sanctions against plaintiff personally in the amount of $1,357.70.

2

1    Defendants seek terminating sanctions under Rule 37(b) (2)(A)(v) and expenses in

2    the amount of $3,730.90[4] under 37(d)(3) and (b)(2)(A)(v).

3    <u>DISCUSSION</u>

4    Rule 37 authorizes "a wide range of sanctions" for a party's failure to comply with

5    discovery rules or court orders enforcing them.  <u>Wyle v. R.J. Reynolds Industries, Inc.</u>, 709 F.2d

6    585, 589 (9th Cir. 1983).  Penalizing a party "for dilatory conduct during discovery proceedings"

7    is discretionary.  <u>Bollow v. Federal Reserve Bank of San Francisco</u>, 650 F.2d 1093, 1102 (9th

8    Cir. 1981) (citing Fed. R. Civ. P. 37(a)(4)).

9    Fed. R. Civ. P. 37(a)(5) provides in part that if the motion to compel is granted

10   "the court must, after giving an opportunity to be heard, require the party...whose conduct

11   necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's

12   reasonable expenses incurred in making the motion, including attorneys' fees.  But the court

13   must not order this payment if: (i) the movant filed the motion before attempting in good faith to

14   obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure,

15   response, or objection was substantially justified; or (iii) other circumstances make an award of

16   expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).

17   Precluding evidence so that the recalcitrant party cannot support defenses is

18   comparable to entering dismissal, which "represent[s] the most severe penalty that can be

19   imposed."  <u>U.S. v. Kahaluu Const.</u>, 857 F.2d 600, 603 (9th Cir. 1988); <u>accord</u>, <u>Valley Engineers</u>

20   <u>v. Electric Engineering Co.</u>, 158 F.3d 1051 (9th Cir. 1998).  Accordingly, such sanctions  are

21   authorized only in "extreme circumstances" for violations "due to willfulness, bad faith, or fault

22   of that party."  <u>Kahaluu Const.</u>, 857 F.2d at 603; <u>see also</u> <u>Commodity Futures Trading Com'n v.</u>

23   <u>Noble Metals Intern., Inc.</u>, 67 F.3d 766,770 (9th Cir. 1995) (affirming standard and upholding

24   \\\\\

25

26       [4] Defendants amended their estimated expenses in their reply, filed February 7, 2012.

1   sanctions in egregious circumstances).[5]  Bad faith does not require actual ill will; substantial and

2   prejudicial obduracy may constitute bad faith.  B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108

3   (9th Cir. 2002).

4               Five relevant factors also determine whether severe sanctions are appropriate:

5               (1) the public's interest in expeditious resolution of litigation;
                  (2) the court's need to manage its docket;

6               (3) the risk of prejudice to the other party;
                  (4) the public policy favoring disposition of cases on their merits;

7               and
                  (5) the availability of less drastic sanctions.

8

9   Wanderer v. Johnston, 910 F.2d 652 (9th Cir. 1990) (default judgment for defendants' failure to

10   comply with discovery); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.1987).

11           This circuit has acknowledged that "[l]ike most elaborate multifactor tests, our

12   test has not been what it appears to be, a mechanical means of determining what discovery

13   sanction is just."  Valley Engineers Inc. 158 F.3d at 1056.  Inevitably where a court order is

14   violated or discovery belatedly is produced, factors 1 and 2 support preclusive sanctions, and

15   factor 4 cuts against them.  Prejudice to the opposing party and the availability of less drastic

16   sanctions, factors 3 and 5, are most often decisive.  Id.  Most critical for evaluating the risk of

17   prejudice and whether less drastic sanctions would suffice is whether the discovery violations "so

18   damage[] the integrity of the discovery process that there can never be assurance of proceeding

19   on the true facts."  Valley Engineers Inc., 158 F.3d at 1058.

20

21        [5]  See also, e.g., Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th
    Cir. 1985) ("'Where the drastic sanction of dismissal . . . [is] imposed . . . the range of discretion

22   is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad
    faith,'" quoting Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir.1981); G-K Properties v.

23   Redevelopment Agency, 577 F.2d 645, 647-48 (9th Cir.1978) (bad faith crucial in Rule 37
    dismissal, citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.

24   Ct.  2778 (1976)); Henry v. Gill Industries, Inc, 983 F.2d 943, 946, 948-49 (9th Cir.1993)
    (reviewing Rule 37 dismissal under multiple factors, including willfulness, bad faith or fault);

25   Porter v. Martinez, 941 F.2d 732, 733 (9th Cir.1991) (reviewing Rule 37 default judgment
    pursuant to multiple factors including bad faith); Wanderer v. Johnston, 910 F.2d 652, 655-56

26   (9th Cir.1990) (same).

1    Plaintiff's opposition states that he made an honest mistake in thinking his

2    deposition was the day after the scheduled date, and he suggests that his deposition could have

3    been taken a day later.  He has offered to pay sanctions and costs for the last deposition and to be

4    deposed if his deposition is reset.  Because plaintiff did not appear at the hearing, his opposition

5    may be deemed withdrawn.  E.D. Local Rule 230(i).

6    Disregard of this court's order was not substantially justified.  Plaintiff's excuse

7    that he mistakenly calendared his deposition for the day after the scheduled deposition is difficult

8    to fathom, especially in light of his history of not appearing at two prior depositions and the

9    seriousness of the last hearing on this matter.  This court's previous order warned plaintiff that

10   failure to appear at his deposition, and failure to produce requested documents, would result in

11   possible dismissal of his case and contempt charges.  Defendants point out that plaintiff is a

12   disbarred attorney and former officer of the court.  If true, plaintiff is charged with additional

13   knowledge of the seriousness of his inaction and the consequences of violating a court order,

14   which is indicative of the willfulness of disobedience.  Plaintiff has failed to put forth any

15   justification or explanation for his disobedience, which further illustrates willfulness.  Plaintiff's

16   blatant failures to appear at his deposition, appear at hearings, and obey court orders has caused

17   this case to be delayed for over four months, since October, 2011 when plaintiff first failed to

18   appear at his deposition.  This court's previous order found that plaintiff's counsel acted only in

19   good faith in this litigation, and therefore only plaintiff himself was at fault.  Plaintiff's failure to

20   appear at the last court ordered deposition was inexcusable, and his non-credible excuse

21   indicating he thought the deposition was the next day is not accepted in light of defendants'

22   representations that plaintiff's own counsel attempted to reach him on the morning of the

23   deposition and prior to it without success.  According to defendants, plaintiff's counsel had

24   considered calling defense counsel the day before the deposition to advise them not to travel to

25   Sacramento because plaintiff had once again gone "underground and failed to communicate with

26   his attorney."  (Defs.' Reply at 2.)

1    The prejudice to defendants is great as this case has been pending since July,

2  2010, and plaintiff has not made payments on his home loan since December, 2006.  Defendants

3  have been put to the task of setting three depositions and bringing two motions in regard to

4  plaintiff's refusal to attend his deposition.  Furthermore, plaintiff has failed to pay the monetary

5  sanctions ordered to be paid by February 3, 2012, but instead paid them on February 7, 2012.

6  Plaintiff also failed to produce documents as ordered by the court on January 26, 2012.

7    The complete lack of discovery responses evidence affirmative bad faith, and have

8  been solely within the control of plaintiff.  "[D]isobedient conduct not shown to be outside the

9  control of the litigant" is all that is required to demonstrate willfulness, bad faith or fault.  Henry

10  v. Gill Industries, Inc, supra, 983 F.2d at 949, quoting Fjelstad v. American Honda Motor Co.,

11  Inc., supra, 762 F.2d at 1341.  Despite this court's prior ruling ordering responses and

12  appearances, and imposing monetary sanctions, plaintiff failed to heed these warnings.

13  Moreover, plaintiff's complete lack of discovery responses are so clearly abusive as to be made

14  in bad faith.  Accordingly, the court concludes that plaintiff's total failure to provide any

15  discovery responses or appear at his third scheduled deposition represents willful violations of

16  the Federal Rules of Civil Procedure and the prior order in this case.

17    The court next considers the factors set forth in Malone.  "'The first two of these

18  factors favor the imposition of sanctions in most cases, while the fourth cuts against a ...

19  dismissal sanction.  Thus the key factors are prejudice and the availability of lesser sanctions.'"

20  Henry v. Gill Industries, Inc., supra, 983 F.2d at 948 (citation omitted).

21    The Ninth Circuit has held that "[a] defendant suffers prejudice if the plaintiff's

22  actions impair the defendant's ability to go to trial or threaten to interfere with the rightful

23  decision of the case."  Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990).

24  Defendants, as well as the court, have been prejudiced in both these ways.  Defendants' inability

25  to obtain the most basic and initial discovery from plaintiff are no longer tolerable at this stage of

26  pretrial proceedings, where the case has been pending in this court for over 19 months.  At the

1    time when both parties should be consolidating and refining their respective positions,

2    defendants have been forced to formulate their case around gaping omissions and guesswork.

3    The court is in no better position to overcome such overwhelming problems.  The court has an

4    interest in the efficient resolution of cases and managing its own docket, and does not have time

5    to resolve each and every discovery dispute by reviewing every motion describing plaintiff's total

6    lack of responses and participation which would have been unnecessary but for plaintiff's bad

7    faith.

8              Moreover, no less drastic sanction appears appropriate.  Monetary sanctions

9    would clearly be to no avail as plaintiff continued to refuse to comply with his discovery

10   obligations even after the sanctions were ordered.  Evidence preclusion would also be to no avail.

11   The discovery deadline of July 13, 2012 is looming; however, the parties are no further along

12   than they were a year ago.  The court holds out no hope that plaintiff will be willing to provide

13   legitimately sought discovery.  The abusiveness of plaintiff's discovery responses indicate a lack

14   of cooperative spirit.  "A judge with a caseload to manage must depend upon counsel [and/or the

15   parties] meeting each other and the court halfway in moving a case toward trial."  Buss v.

16   Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984).  Thus, the court concludes,

17   particularly in light of its prior order, that no sanction short of dismissal would be appropriate.

18             The court therefore concludes, based on a finding of bad faith and consideration

19   of the critical Malone factors, that dismissal is warranted as a result of plaintiff's failure to

20   comply with his discovery obligations.

21             In summary, plaintiff's willful disregard of the Federal Rules, and his lack of

22   communication and cooperation with defense counsel in regard to all discovery, undermine the

23   judicial process plaintiff himself has invoked.  "[D]istrict courts cannot function efficiently

24   unless they can effectively require compliance with reasonable rules."  Chism v. National

25   Heritage Life Ins. Co., 637 F.2d 1328, 1332 (9th Cir. 1981), overruled on other grounds, Bryant

26   v. Ford Motor Company ("Bryant II"), 844 F. 2d 602, 605 (9th Cir. 1988) (en banc).  It is

7

1  therefore the conclusion of this court that there is no effective alternative short of dismissal.

2          In addition to the above sanction, the court also finds that monetary sanctions are

3  required for defendants' having to bring this motion.  In light of the previous order on monetary

4  sanctions (Order of January 6, 2012), and its analysis, the undersigned will not engage here in

5  lengthy analysis.  Defendants' counsel shall be paid at the rate of $225/hr. for four hours in

6  preparing the motion and reply and attending the hearing telephonically, 10.5 hours in preparing

7  for, traveling to, and attending the January 26, 2012 deposition, and costs of $385.40 in airfare

8  and $83 in taxi fare.  Fees of $3,262.50 and costs of $468.40, for a total sanction award of

9  $3,730.90 is imposed.  Plaintiff shall personally pay this sum within twenty-eight days of the

10 filed date of this order.[6]

11 CONCLUSION

12          Accordingly, IT IS ORDERED that:

13          1.  Defendants' motion for, *inter alia,* monetary sanctions, filed January 26, 2012,

14 (dkt. no. 47), is granted.

15          2.  Plaintiff shall personally pay the sum of $3,730.90 directly to defendants'

16 counsel within twenty-eight days of this order.

17          IT IS HEREBY RECOMMENDED that: Defendants' motion for terminating

18 sanctions, filed January 26, 2012, (dkt. no. 47), be granted, and this action be dismissed.

19          These findings and recommendations are submitted to the United States District

20 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

21 fourteen (14) days after being served with these findings and recommendations, any party may

22 file written objections with the court and serve a copy on all parties.  Such a document should be

23 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

24

25          [6]  Defendants indicate that they are unaware of the court reporter's fee for the January 26,
   2012 deposition.  They may file another motion requesting sanctions for this expense when it
26 becomes known.

1   objections shall be served and filed within fourteen (14) days after service of the objections.  The

2   parties are advised that failure to file objections within the specified time may waive the right to

3   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4   DATED: February 15, 2012

5                           /s/ Gregory G. Hollows

6                        UNITED STATES MAGISTRATE JUDGE

7   GGH:076/Stanford1763.san.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26